**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**vs.**                                                    **Criminal Action 2:20-cr-129
JUDGE JAMES L. GRAHAM**

**BRYAN FISHER**

### REPORT AND RECOMMENDATION

The United States and defendant Bryan Fisher entered into a plea agreement, executed pursuant to the provisions of Rule 11(c)(1)(A) of the Federal Rules of Criminal Procedure, whereby defendant agreed to enter a plea of guilty to Count 1 of the *Information*, which charges him with receipt of stolen property valued at more than $1,000 and belonging to the United States, in violation of 18 U.S.C. § 641.[1] *Information*, ECF No. 15. On August 26, 2020, defendant, accompanied by his counsel, participated in an arraignment and entry of guilty plea proceeding.

After being advised of his right to appear personally and with his counsel and after consulting with his counsel, defendant consented to appear by videoconference.

Defendant waived his right to an indictment in open court and after being advised of the nature of the charge and of his rights. *See* Fed. R. Crim P. 7(b).

Defendant consented, pursuant to 28 U.S.C. §636(b)(3), to enter a guilty plea before a Magistrate Judge. *See United States v. Cukaj,* 25 Fed.Appx. 290, 291(6th Cir. 2001)(Magistrate Judge may accept a guilty

---

[1] The *Plea Agreement,* ECF No. 18, was not signed by a representative of the United States. The attorney for the United States will promptly file a statement ratifying the *Plea Agreement*. The *Plea Agreement* includes an appellate waiver provision that preserves only certain claims for appeal or collateral challenge.

1

plea with the express consent of the defendant and where no objection
to the report and recommendation is filed).

During the plea proceeding, the undersigned observed the
appearance and responsiveness of defendant in answering questions.
Based on that observation, the undersigned is satisfied that, at the
time he entered his guilty plea, defendant was in full possession of
his faculties, was not suffering from any apparent physical or mental
illness and was not under the influence of narcotics, other drugs, or
alcohol.

Prior to accepting defendant's plea, the undersigned addressed
defendant personally and in open court and determined his competence
to plead.  Based on the observations of the undersigned, defendant
understands the nature and meaning of the charge in the *Information*
and the consequences of his plea of guilty to that charge.  Defendant
was also addressed personally and in open court and advised of each of
the rights referred to in Rule 11 of the Federal Rules of Criminal
Procedure.

Having engaged in the colloquy required by Rule 11, the Court
concludes that defendant's plea is voluntary.  Defendant acknowledged
that the plea agreement signed by him, his attorney and the attorney
for the United States and filed on August 3, 2020, represents the only
promises made by anyone regarding the charge in the *Information*.
Defendant was advised that the District Judge may accept or reject the
plea agreement and that, even if the Court refuses to accept any
provision of the plea agreement not binding on the Court, defendant
may nevertheless not withdraw his guilty plea.

Defendant confirmed the accuracy of the statement of facts
supporting the charge, which is attached to the *Plea Agreement*.  He
confirmed that he is pleading guilty to Count 1 of the *Information*
because he is in fact guilty of that offense.  The Court concludes
that there is a factual basis for the plea.

The Court concludes that defendant's plea of guilty to Count 1 of
the *Information* is knowingly and voluntarily made with understanding

the nature and meaning of the charge and of the consequences of the plea.

It is therefore **RECOMMENDED** that defendant's guilty plea to Count 1 of the *Information* be accepted. Decision on acceptance or rejection of the plea agreement was deferred for consideration by the District Judge after the preparation of a presentence investigation report.

In accordance with S.D. Ohio Crim. R. 32.1, and as expressly agreed to by defendant through counsel, a written presentence investigation report will be prepared by the United States Probation Office. Defendant will be asked to provide information; defendant's attorney may be present if defendant so wishes. Objections to the presentence report must be made in accordance with the rules of this Court.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019); *Thomas v. Arn,* 474 U.S. 140 (1985).


August 26, 2020                                      *s/  Norah McCann King*
 Date                                                  Norah McCann King
                                                United States Magistrate Judge


3